# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PATRICK MARIO THOMAS, JR.,

Defendant-Appellant.

UNPUBLISHED
January 12, 2016

No. 323313
Wayne Circuit Court
LC No. 12-011083-FH

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

A jury convicted defendant of first-degree home invasion, MCL 750.110a, and larceny in a building, MCL 750.360. The trial court sentenced defendant as an habitual offender, second offense, MCL 769.10, to prison terms of 11 to 30 years for the home invasion conviction and three to six years for the larceny conviction, to be served concurrently. Defendant appeals as of right, arguing that the case should be remanded for further consideration of his sentences under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because the trial court sentenced him on the basis of a sentencing guidelines range determined by judicially-found facts. We agree and remand for further inquiry of defendant's sentences in accordance with *Lockridge*.

Defendant was convicted of breaking into a home in which his young child, the mother of his child, and the latter's grandmother were residing. Defendant gained entry by breaking a window to the house. Defendant was still at the property attempting to move electronics from the home when the police arrived.

The trial court scored the sentencing guidelines for defendant's conviction of first-degree home invasion, a class B offense. MCL 777.16f. Defendant received 60 total prior record variable (PRV) points, placing him in PRV Level E, and 35 total offense variable (OV) points, placing him in OV Level IV (35 to 49 points) on the applicable sentencing grid. MCL 777.63. The guidelines range for an E-IV offender is 84 to 140 months. Because defendant was sentenced as a second habitual offender, the upper end of the guidelines range was increased by 25%, resulting in an enhanced guidelines range of 84 to 175 months. MCL 777.21(3)(a). The trial court sentenced defendant within that range to a minimum term of 11 years (i.e., 132 months).

Defendant argues that he was improperly sentenced on the basis of a sentencing guidelines range calculated in violation of *Lockridge*, 498 Mich 358, because the trial court

scored OVs 9, 13, 16, and 19 on the basis of judicially-found facts, which were used to mandatorily increase the floor of the guidelines minimum sentence range in violation of his Sixth Amendment right to a jury trial. Although defendant objected to the scoring of the sentencing guidelines at sentencing, he did not do so on the basis of impermissible judicial fact-finding in violation of the Sixth Amendment. Therefore, defendant's appellate challenge on this ground is unpreserved and review is limited to plain error affecting defendant's substantial rights. *Lockridge*, 498 Mich at 392-393.

In *Lockridge*, our Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient" because of "the extent to which the guidelines *require* judicial fact-finding beyond the facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Lockridge*, 498 Mich at 364 (parenthetical omitted). The Court thus found it necessary to "sever MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *Id.* Accordingly, the Court decreed that, although the guidelines would remain in effect, "a guidelines minimum sentence range calculated in violation of *Apprendi* and *Alleyne* is advisory only." *Id.* at 364-365 and n 1.

We disagree with defendant's argument that the trial court's scoring of OV 13 was based on judicially-found facts. OV 13 (continuing pattern of criminal behavior), permits a court to score 10 points if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.43(1)(d). At sentencing, defendant acknowledged the existence of two prior convictions: (1) an April 2008 conviction of second-degree home invasion, and (2) a February 2011 conviction of breaking and entering a vehicle. Second-degree home invasion is a crime against a person, MCL 777.16f, and breaking and entering a vehicle, MCL 750.356a(3), is a crime against property, MCL 777.16r. Defendant's instant conviction of first-degree home invasion also qualifies as a crime against a person. MCL 777.16f.

Although defendant argued that his home invasion conviction for the instant offense should not be considered to score OV 13, MCL 777.43(2)(a) expressly provides that "[f]or determining the appropriate points under this variable, all crimes within a 5-year period, *including the sentencing offense*, shall be counted regardless of whether the offense resulted in a conviction." (Emphasis added.) Thus, it was proper to consider defendant's instant conviction to score OV 13. Because defendant acknowledged the accuracy of his prior record, and the jury found defendant guilty of the charged November 2012 first-degree home invasion beyond a reasonable doubt, the trial court's 10-point score for OV 13 may be upheld on the basis of facts admitted by defendant. See *People v Jackson,* ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 322350); slip op at 12.

We also disagree with defendant's argument that the trial court's scoring of OV 19 (interference with the administration of justice) was based on judicially-found facts. The trial court assessed 10 points for OV 19 because defendant violated the terms of his bond and went to South Carolina. At a pretrial conference in March 2014, defendant admitted that he violated his

bond by failing to appear at a pretrial conference in 2013 and going to South Carolina. Thus, the trial court's scoring of OV 19 was based on defendant's own admissions, not judicially-found facts.

We agree with defendant,[1] however, that judicial fact-finding was necessary to the trial court's 10-point score for OV 9 (2 to 9 victims placed in danger of physical injury or death), MCL 777.39(1)(c), and five-point score for OV 16 (the value of property obtained, damaged, lost, or destroyed was between $1,000 and $20,000), MCL 777.46(1)(c). The jury was not required to find whether more than one person was placed in danger of physical injury or loss of life, nor was it required to find a larceny or property damage of a specific value. The trial court's scoring of OV 9 and OV 16 cannot be upheld on the basis of facts found by the jury or admitted by defendant.

The combined 15 points attributable to the scoring of OVs 9 and 16 is necessary to place defendant in the E-IV cell of the sentencing grid under which he was sentenced. MCL 777.63. If those 15 points are not considered, defendant's total OV score would be reduced to 20 points, which would place him in OV Level II (10 to 24 points). MCL 777.63. Whereas the trial court used a guidelines range 84 to 175 months at defendant's sentencing, the guidelines range for an E-II offender, as enhanced for a second habitual offender, is 72 to 150 months. Because defendant was sentenced before our Supreme Court's decision in *Lockridge*, and the facts admitted by defendant or found by the jury's verdict are insufficient to assess the minimum number of OV points necessary for defendant's OV score to fall in the E-IV cell of the sentencing grid under which he was sentenced, defendant has made a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry of his sentences. *Lockridge*, 498 Mich at 395-396.

Accordingly, we remand this case to the trial court to determine whether the court would have imposed a materially different sentence but for the unconstitutional constraint on its discretion because of the mandatory application of the guidelines at the time of defendant's original sentencing. *Id.* at 397. On remand, the trial court shall follow the procedure described in *Lockridge*, 498 Mich at 395-399. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant.

---

[1] The prosecution also agreed with defendant that OV 9 and 16 were scored in violation of defendant's Sixth Amendment right, and that a remand for resentencing pursuant to *Lockridge* is necessary.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray